# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FULIN LI, | ) |
| | ) |
|     Petitioner, | )    2:15-cv-00955-RFB-CWH |
| | ) |
| vs. | )    **ORDER** |
| | ) |
| STATE OF NEVADA, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Fulin Li. On June 26, 2015, respondents filed a motion to dismiss Li's petition for lack of jurisdiction and as untimely. ECF No. 10. This order decides that motion.

I.  PROCEDURAL BACKGROUND

With his petition, Li seeks to challenge a conviction imposed by the state district court for Clark County, Nevada. On May 16, 2011, Li entered a guilty plea to one count of forgery. On October 4, 2011, the state district court entered a judgment of conviction sentencing Li to a suspended sentence of 12 to 32 months and a period of probation not to exceed three years.

Li did not appeal his conviction, but on September 4, 2012, he filed a pleading in the state district court styled as a "motion to set aside the judgment of conviction and guilty plea agreement, habeas corpus petition and notice of motion." The state district court denied the pleading on January 24, 2013.

Li unsuccessfully appealed to the Nevada Supreme Court in a proceeding that concluded with the issuance of a remittitur on August 19, 2014.

Li initiated this proceeding by mailing his petition on May 20, 2015.

## II. JURISDICTION

The ground for relief in Li's petition is that his trial counsel provided ineffective assistance of counsel by not informing him that entering a guilty plea to the forgery charge would result in mandatory deportation. Respondents argue that this court lacks jurisdiction over Li's petition because he was no longer "in custody" at the time his federal petition was filed. Specifically, respondents contend that Li's period of probation could not have extended beyond October 14, 2014, several months prior to the filing of his petition.

The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). The U.S. Supreme Court, in *Maleng v. Cook*, 490 U.S. 488 (1989), noted that the Court "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." 490 U.S. at 490-91 (emphasis added) (citation omitted).

Li argues that he remains under "constructive custody" because he was deported prior to being discharged from probation and is therefore likely to be subject to probation revocation in the future. However, his judgment of conviction specifically provided that his period of probation was not to exceed three years. ECF Nos. 11-13. That period had elapsed by the time Li filed his federal petition. In addition, respondents have provided verification that Nevada's Division of Parole and Probation had administratively closed Li's case and purged his file prior to the date Li filed the petition. ECF No. 18-1.

Li relatedly argues that his deportation amounts to a "collateral consequence" that results in the continuing jurisdiction of this court. As a general matter, however, the collateral consequences doctrine does not benefit a petitioner who files his petition after his sentence has fully expired. *Maleng*, 490 U.S.

at 492. Li cites to the following cases as support for his collateral consequences argument: *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124 (9th Cir. 2003); *Smith v. Ashcroft*, 295 F.3d 425 (4th Cir. 2002); and *Chong v. I.N.S.*, 264 F.3d 378 (3rd Cir. 2001).

None of these cases are availing because they address the issue of whether deportation renders moot a petition that is otherwise properly before the court at the time of deportation. *See Zegarra-Gomez*, 314 F.3d at 1126-27 (discussing all three cases). Here, Li filed his federal habeas petition after his deportation and the full expiration of his sentence. "It is well-established that 'once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are *not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it*.'" *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005) (quoting *Maleng v. Cook*, 490 U.S. 488, 492) (emphasis added in *Resendiz*). Moreover, the Ninth Circuit has also held that a petitioner who has already been deported cannot avail himself of habeas corpus jurisdiction because he is no longer "in custody" when he files his petition. *Miranda v. Reno*, 238 F.3d 1156, 1158–59 (9th Cir. 2001).

Based on the foregoing, this court is without jurisdiction to entertain Li's habeas petition and the case must be dismissed on that basis.

III. TIMELINESS

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id.* Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

In addition to the jurisdictional defect discussed above, Li's petition is also barred as untimely. Because he did not file a direct appeal, his conviction became final 30 days after the entry of the

judgment of conviction on October 4, 2011. *See* Nev. R. App. P. 4(b)(1)(A). The collateral challenge he filed in state court on September 4, 2012, statutorily tolled the one year period until August 19, 2014, but the period resumed and expired in October 2014. Thus, his petition filed on May 20, 2015, was well beyond the time limit under § 2244(d)(1).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is GRANTED. The petition for writ of habeas corpus (ECF No. 1) is DISMISSED with prejudice. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

Dated this 1st day of September, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE